LOFTUS GREY v. GEORGE E. EDRINGTON.

AWARD *of Fence Viewers.* The award of fence viewers between owners of adjoining lands, respecting a partition fence between such lands, is conclusive as to the amount of fence which each owner should keep up and maintain; but it is only *prima facie* as to the amount of compensation which one of the parties should pay to the other for that portion of the fence which such other party owns, over and above his share, and which is assigned and transferred to the first-mentioned party to keep up and maintain.

*Error from Woodson District Court.*

MARCH 11, 1882, the district court gave judgment for plaintiff *Edrington,* for $38.34, and against defendant *Grey,* who brings the case here.   The opinion states the facts.

*W. H. Slavens,* for plaintiff in error.

*W. H. Thurber,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced by Loftus Grey against George E. Edrington, before a justice of the peace, to recover the sum of $39.50 upon an award of fence viewers.    After judgment, the case was appealed to the district court, where it was tried before the court without a jury, which trial resulted in a finding and judgment in favor of the plaintiff and against the defendant for the sum of $38.34 and costs.    From this judgment the defendant appeals, and as plaintiff in error now brings the case to this court.

It appears from the record of this case that the plaintiff below, defendant in error, did not himself build any portion of the fence in controversy; but that it was built by his grantor before he purchased the land upon which it was built, and between which and defendant's adjoining land it constituted the partition fence.    The defendant raised the question in the court below, and now raises it in this court, that as the plaintiff did not build the fence, he cannot recover for any

portion thereof; and that if any claim exists in favor of any person and against the defendant below, for any portion of the partition fence, such claim is in favor of the plaintiff's grantor, and not in favor of the plaintiff himself; that the claim is a personal claim for money, and not a claim which runs with the land. In this we think the plaintiff in error, defendant below, is mistaken. When the plaintiff purchased the land, and obtained the conveyance thereof, the entire fence became his property; and the right to require the defendant to pay for a portion thereof, and then to keep up and repair the same, passed from the plaintiff's grantor to the plaintiff himself. The plaintiff then, with reference to the fence and to any claim founded thereon, stood in the exact place of his grantor, and he had a right to demand anything from the defendant that his grantor could have done before his grantor conveyed the land to the plaintiff. The award made by the fence viewers was made after the land had been conveyed to the plaintiff, and was made at his suggestion, and upon his complaint.

The defendant raised a further question in the court below, and now raises the same in this court, and that question is this: Was the award made by the fence viewers, as to the amount of the compensation awarded to the plaintiff, conclusive? It appears from the report of the fence viewers, that they awarded to the plaintiff, as compensation for that portion of his fence assigned to the defendant, the sum of $39.50. The court below held that this award was conclusive. The defendant contended otherwise, and at the trial offered to prove that he paid for such fence, or for his part thereof, at the time it was built; that he paid the person who built the same, and who owned the same, and that such fence never became the property of the plaintiff. The court below refused to permit the defendant to prove this, upon the ground that the award of the fence viewers was conclusive. With reference to this question, we think the court below erred. The statute provides that the assignment of a share or part of the partition fence, to each of the parties, to be kept up and

14—29 KAS.

maintained by them, shall be final, conclusive and binding upon both of the parties, and upon all succeeding occupants of the land. (Comp. Laws 1879, ch. 40, § 11.) But the statute nowhere provides that the award of compensation to either of the parties shall be final or conclusive. Hence we might infer that the legislature intended that the assignment of a portion of the fence to each of the parties to keep up and repair should be final and conclusive; but that the award of compensation to one or the other of the parties should not be final or conclusive; and there are good reasons why such should be the law. The fence viewers see the fence, and see the ground over which the fence is built and upon which it is to be maintained, and could know better than any person who had never seen the fence or the ground, what proportion of the fence each party should keep up and maintain; but with reference to compensation for any portion of the fence which had already been built, they might not be able to give a very just or intelligent decision. They could not know, from an inspection of the fence or an inspection of the ground, who built the fence; nor could they tell who paid for building the same. Indeed, they could not know, from any inspection they might make upon the premises or elsewhere, anything with respect to the accounts or the business transactions had between the various owners of the land; nor is there any provision of law authorizing the fence viewers to summon witnesses, or to hear testimony with regard to these matters. If the defendant paid to the person who built the fence a sufficient compensation therefor, either directly or indirectly, he should not be compelled to pay for the fence a second time; or if, by any transaction had between the defendant and the person who built the fence, the fence was either in law or in equity paid for, the defendant should not be again compelled to pay for the same; and these are matters that the fence viewers might not be able to ascertain with any degree of intelligence. We think, however, that the statute provides that they may ascertain the fact, whether one party has built more than his share of a partition fence or not, and

if they find that he has built more than his share, then to award compensation therefor;, but this award should not be held to be conclusive. Usually, we would suppose that the award would be correct; but it might in many instances be wholly wrong, and there is no appeal from such award. We would therefore think that the award, with respect to compensation, should not be held to be conclusive, but that it should be held to be *prima facie* only. We would think that the award of the fence viewers should be held to be *prima facie* evidence of the amount of money which one party should pay to the other for that portion of the fence which the other party then owned over and above his share, and should be *prima facie* evidence only. And we would think that the award in this case should be held to be *prima facie* evidence, and *prima facie* evidence only, that the defendant is indebted to the plaintiff in the sum of $39.50, with interest, for that portion of the fence assigned to the defendant to be kept up and repaired by him.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.