## L. N. SNYDER v. S. R. BELL, et al.

FENCE VIEWERS; *Award; When Action Accrues.*  An action founded upon
. an award of fence viewers as to the amount of compensation which one
party shall pay to the other for that portion of the fence which the other
party then owned, over and above his share, does not accrue until the
award is made; and it is no defense to the action upon the award that
the fence has been built, or set out, for many years.

*Error from Douglas District Court.*

MAY 19, 1880, *L. N. Snyder* filed his bill of particulars
before a justice of the peace of Douglas county, claiming judg-
ment against Mrs. *S. R. Bell* and *H. S. Bell* for the sum of
$62.20, upon an award of fence viewers.  Judgment was ren-
dered in favor of Snyder against the Bells by the justice of
the peace, and the defendants appealed the case to the district
court.  Trial had at the April Term of the district court for
1881, a jury being waived.  The court was requested to find
the facts specifically, and state its conclusions of law thereon.
This was done.  The facts found are these:

"That the plaintiff, L. N. Snyder, owns the following-
described land, situate in the county of Douglas, state of
Kansas, to wit, the northwest quarter of section 33, in town-
ship 14, range 20; and that defendant S. R. Bell owns the
west half of the northeast quarter of section 33, township 14,
range 20, situate in said county and state; that between said
pieces of land there is a hedge fence growing and standing,
which was wholly built and grown by said L. N. Snyder,
plaintiff, which fence is a division fence between said pieces of
land owned by plaintiff and defendant, S. R. Bell, respectively;
that said fence has never been divided, and that said plaintiff
has never been paid by any person for any portion of said
fence; that the south half of said fence was set out some
twenty years ago, and is a perfect hedge; that the north half
of said fence, excepting some eight rods, was set out and grown
some ten or twelve years ago; that the eight rods referred to
was built in 1878; that one Barricklow preëmpted the land
owned by S. R. Bell in 1859; that Mrs. S. R. Bell bought of
said Barricklow in 1876; that the land lying opposite the south
half of said fence owned by said Barricklow, now owned by

Mr. Bell, was inclosed some eighteen or twenty years since; that the north half of said land, excepting that lying opposite said eight rods, was inclosed less than three years prior to the application to the fence viewers of Palmyra township to make an assignment of said fence by said plaintiff; that the land belonging to plaintiff had been inclosed, except a small portion in the northeast corner, viz., said eight rods, for eighteen or twenty years; that on the 27th day of January, 1880, said plaintiff, a controversy having arisen, applied to the viewers of Palmyra township, of said Douglas county, the township in which said land is situated, to assign portions of said fence to be kept up by each of the owners of said land, and to assess the value of that portion which should be assigned to Mrs. Bell; that on the 7th day of February, 1880, the fence viewers met and duly proceeded to view said fence and assign the same, and that on the 14th day of February, the said fence viewers duly assigned the south half to Mrs. S. R. Bell, to be by her kept up, and the north half to L. N. Snyder, to be by him kept up; that the fence viewers assessed the value of the fence assigned to Mrs. S. R. Bell at $52 and the costs of the proceedings at $9.40, all of which was assessed to Mrs. S. R. Bell; that a demand was duly made upon Mrs. S. R. Bell for the value of the fence assigned to her, and for the costs of the view, more than sixty days prior to the bringing of this action. The plaintiff paid the entire cost of the fence viewers."

The court upon the foregoing facts found for the defendants, and entered judgment in their favor for the costs. The plaintiff excepted to the findings of fact and conclusions of law, and brings the case here.

*J. W. Green*, for plaintiff in error.

*D. S. Alford*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The question principally argued in the briefs is, Was the adjudication of the fence viewers as to the amount of compensation awarded the plaintiff conclusive? This question is disposed of adversely to the plaintiff in the case of *Grey v. Edrington*, 29 Kas. 208. In that case it was said:

"The statute provides that the assignment of a share or part of the partition fence to each of the parties, to be kept up and

maintained by them, shall be final, conclusive and binding upon both of the parties, and upon all succeeding occupants of the land. (Comp. Laws of 1879, ch. 40, § 11.) But the statute nowhere provides that the award of compensation to either of the parties shall be final or conclusive. Hence we might infer that the legislature intended that the assignment of a portion of the fence to each of the parties to keep up and repair, should be final and conclusive; but that the award of compensation to one or the other of the parties should not be final or conclusive, and there are good reasons why such should be the law."

It is alleged, however, in the petition in error, that the court erred in its conclusion of law, and that judgment should have been rendered for the plaintiff instead of the defendants. Section 559 of the code provides; among other things:

"In cases decided by the supreme court, when the facts are agreed to by the parties, or found by the court below, or a referee, and when it does not appear, by exception or otherwise, that such findings are against the evidence in the case, the supreme court shall send a mandate to the court below, directing it to render such judgment in the premises as it should have rendered on the facts agreed to or found in the case."

Upon the record, therefore, we are called upon to decide whether the court erred in its conclusion of law. This conclusion is supposed to be based upon the special findings of fact, and the general judgment follows the conclusion of law. If the conclusion of law is erroneous, and the findings of fact do not sustain the judgment, it is our duty to reverse the judgment, and direct the trial court to render such judgment in the premises as it should have rendered on the facts found in the case. While the award with respect to the compensation is not conclusive, it must be held to be *prima facie* evidence of the amount of money which the defendant, Mrs. S. R. Bell, should pay to the plaintiff for that portion of the fence assigned to her. Upon the award of the fence viewers, the plaintiff is entitled to judgment unless the findings show that the award is wrong, or corruptly made, or unless some other defense is established.

It is asserted the trial court held, that as the part of the

fence assigned to Mrs. S. R. Bell had been set out for twenty years, any claim of compensation therefor was barred. The defense of the statute of limitations is not tenable. Section 14 of chapter 40, Comp. Laws of 1879, reads:

"When in any controversy between the owners of adjoining lands as to their respective rights in any partition fence, it shall appear to the fence viewers that either of the owners had, before any complaint made to them, voluntarily erected the whole fence, or more than his just share of the same, or otherwise become proprietor thereof, the other occupant shall pay for so much as may be assigned to him to repair or maintain, the full value of which shall be ascertained and recovered in the manner hereinbefore provided."

The fence viewers made their report in writing, on February 14, 1880, and on that day assessed the value of the fence assigned to Mrs. S. R. Bell at $52, and the costs of the proceeding at $9.40. This action was commenced on May 19, 1880. The cause of action did not accrue until February 14, 1880, the date the fence viewers made their award of the compensation Mrs. S. R. Bell should pay the plaintiff. Although the fence had been set out for many years and the land on either side had been occupied, nothing is presented to bring the case within the statute of limitations, as the action of the plaintiff did not accrue until the award of the fence viewers was made; therefore the statute is no bar to the recovery of the plaintiff.

The judgment of the district court will be reversed, and the cause remanded with direction to the court below to enter judgment for the plaintiff.

All the Justices concurring.